IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JUNE RUSSELL, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| CTI COLLECTION SERVICES, | : | |
| Defendant. | : | |

## COMPLAINT

June Russell, by her attorney Ray Johnson, for her claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter, "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § § 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, June Russell, is a natural persons now residing in Polk County, Iowa.

4. Defendant, CTI Collection Services (hereinafter, "CTI") is a debt collector that conducts business in Iowa with its principle place of business located in Chicago, Illinois.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. Defendant is attempting to collect an alleged debt from Russell.

7. Defendant contacted Russell's ex-husband regarding the debt. The Defendant's debt collector stated that this was a federal matter and that he might be involved.

8. When Russell contacted the Defendant, Defendant's debt collector was very rude and abusive. Russell asked how this was a federal matter, and the debt collector responded that Russell had committed fraud. The representations were false and implied the Russell's could be subject to criminal prosecution, which was also false. These and other abusive statements were made to unfairly and illegally coerce payment to CTI on the alleged debt.

### V. FIRST CLAIM FOR RELIEF

9. All facts and allegations of this Complaint are incorporated herein by reference.

10. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692(e)(2)(A) by making a false representation regarding the character, amount, or legal status of a debt.

    b. Defendant violated 15 U.S.C. § 1692(e)(2)(D) by engaging in harassment or abuse in attempting to collect the alleged debt.

    c. Defendant violated 15 U.S.C. § 1692(e)(2)(E) by making false, deceptive or misleading representations in attempting to collect the alleged debt.

11. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiffs for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

## VI. SECOND CLAIM OF RELIEF

12. All facts and allegations of this Complaint are incorporated herein by reference.

13. Russell's alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

14. With regard to attempts to collect from Russell as alleged herein, CTI was a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

15. Defendant violated the State Act. The foregoing acts, omissions and practices of the Defendant were violations of Iowa Code § 537.7103, including but not limited to:

    a. Defendant violated Iowa Code § 537.7103(4)(e) by making a representation that tends to create a false impression of the character, extent, or amount of a debt, or its status in a legal proceeding.

    b. Defendant violated Iowa Code § 537.7103(1)(f) by taking an action, or threatening to take an action prohibited by Iowa Code chapter 537.7103 or any other law.

    c. Defendant violated Iowa Code § 537.7103(1)(b) by making the false accusation of fraud or commission of a crime while attempting to collect the alleged debt.

    d. Defendant violated Iowa Code § 537.7103(3) by communicating facts about the Plaintiff and/or the alleged debt to Plaintiff's ex-husband without Plaintiff's permission.

16. As a proximate result of the unfair debt collection, Russell has suffered actual

damages and injury for which she should be compensated in an amount to be proven at trial.

## VII. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Statutory damages pursuant to Iowa Code § 537.5201(1).

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

E. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

*/s/ Ray Johnson*

RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com